# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 03-2575

ADCO OIL COMPANY,

*Plaintiff-Appellant,*

v.

MICHAEL J. ROVELL,

*Defendant-Appellee.*

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 03 C 341—**James B. Moran**, *Judge.*

_____

ARGUED JANUARY 6, 2004—DECIDED FEBRUARY 3, 2004

_____

Before EASTERBROOK, DIANE P. WOOD, and WILLIAMS,
*Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Adco Oil Company developed a means to increase the recovery of natural gas from underground deposits and assigned this intellectual property to Hugoton Joint Venture 1986 (HJV), in exchange for a partnership interest: Adco was entitled to 20% of any returns exceeding $1.1 million. Adco hired Guy Taylor as legal counsel to negotiate on its behalf (and HJV's) to market its idea to Mobil Oil Company. According to Adco, Taylor bungled the job and gave away the secret. HVJ and Adco filed suit in Oklahoma against both Mobil and Taylor. Adco and HJV engaged Michael J. Rovell, then a partner of Jenner & Block, to represent them. Within a month, Adco

assigned to HJV whatever interest Adco held in the claims against Mobil and Taylor. HJV settled with Mobil for $250,000 and went to trial against Taylor. Before the jury returned its verdict, HJV and Taylor cut a deal, including a cap at $850,000 if the jury should make a higher award, a low of $200,000 even if the verdict favored Taylor, and a waiver of appeals and post-trial motions. The jury brought back a verdict for $120 million, so HJV received $850,000. Because total recoveries equaled $1.1 million, Adco did not receive a distribution from HJV. Adco then sued Rovell for malpractice, on the theory that he should have seen a huge verdict coming and ensured that Adco got a slice, rather than negotiating a cap that left Adco uncompensated.

Adjudication of Adco's claim against Rovell has been complicated by the fact that Rovell filed a federal bankruptcy proceeding, so the malpractice suit has proceeded as an adversary action within the bankruptcy. (Federal bankruptcy law is the source of subject-matter jurisdiction. See 28 U.S.C. §1334(b).) A further complication is that Rovell failed to give timely notice of the malpractice claim to his insurance carrier, leading to extended litigation about its duty to defend and indemnify. See *Home Insurance Co. v. Adco Oil Co.*, 154 F.3d 739 (7th Cir. 1998). After the underbrush had been cleared away, Bankruptcy Judge Ginsberg dismissed Adco's malpractice claim on the ground that, because of the assignment to HJV, Adco lacks standing to sue Rovell. District Judge Moran affirmed. 2003 U.S. Dist. LEXIS 8352 (N.D. Ill. May 15, 2003).

Unlike the bankruptcy and district judges, we conclude that Adco's claim presents a controversy under Article III. Adco wants money damages for a tort, and a favorable judicial order would redress the injury. Its problem is not standing but substance: Adco transferred to HJV any interest in both the intellectual property and the ensuing claim against Mobil and Taylor. Adco's injury thus is deriv-

ative rather than direct—HJV did not recover enough to call for a payout to Adco. Yet Adco has elected to sue in its own name rather than to make a derivative claim on behalf of HJV, or a claim against HJV's managing partner. No rule of Oklahoma law of which we are aware permits a partner such as Adco to litigate independently on account of an injury done to a partnership. To the contrary, Oklahoma follows the lead of Delaware, which requires a partner to initiate a derivative action in order to obtain redress for an indirect injury. See 54 Okl. St. §§ 357, 358; *Litman v. Prudential-Bache Properties, Inc.*, 611 A.2d 12 (Del. Ch. 1992). Adco therefore is not entitled to recover against Rovell.

Adco's demand for an independent recovery is a thinly disguised effort to undo the assignment to which it consented during the Oklahoma litigation, and to usurp the control of the litigation ceded to HJV as a result. It is unclear to us that Adco had any interest in the suit against Mobil and Taylor to start with. Once it had sold its intellectual property rights to HJV in exchange for a partnership interest, any injury caused by Taylor's errors was suffered by HJV rather than Adco. (In other words, Adco's belief that it originally had a claim against Mobil and Taylor is attributable to the same failure to distinguish between direct and derivative injuries that besets the malpractice claim against Rovell.) But this is beside the point, for Adco transferred to HJV whatever interest Adco had possessed in the legal action against Mobil and Taylor.

Midway through the proceedings in Oklahoma, Adco changed its mind and tried to reclaim the chose in action by disputing Rovell's authority to sign off on the settlement, but the state judiciary—both the trial court and the court of appeals—held that the assignment is valid and extinguishes Adco's independent claim. That decision is not subject to collateral attack in this federal litigation, and Adco's insistence that as a matter of Oklahoma law it must

have retained *some* stake in the claim against Mobil and Taylor is a form of prohibited collateral attack. So too is Adco's insistence that, because Rovell represented Adco before he took HJV itself as a client, Rovell owed it a duty to use this phantom claim to siphon some settlement proceeds direct to Adco, without passing through HJV. The Oklahoma judiciary has concluded that whatever claim Adco possessed was transferred to HJV. Legal ethics does not compel a lawyer to sabotage such transactions.

HJV itself may or may not have had a legitimate grievance with Rovell's advice and assistance. We do not explore that question. Adco's only interest was, and is, as a partner of HJV, and its injury is derivative. Only HJV could vindicate the interest of the partnership as a whole, and the time to do so expired years ago. Adco should not attempt to resurrect this claim by re-filing it as a derivative action; that would just invite sanctions for frivolous litigation.

AFFIRMED.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*